UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN SONDEY, as Personal
Representative of the Estate of
THOMAS F. SONDEY, deceased.

    Plaintiff,

vs.                                                      Case No. 14-13808

OFFICER CHAD WOLOWIEC,                HON. AVERN COHN
OFFICER TODD BENCZKOWSKI,
OFFICER MICHAEL HUDDAS,
OFFICER DARRYL BAGIANO,
OFFICER THADDEUS LAMBIRIS,

    Defendants.
_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER (Doc. 37)**
**AND**
**DENYING PLAINTIFF'S MOTION TO STRIKE AND TO COMPEL (Doc. 42)[1]**

I. Introduction

This is a civil rights case arising under 42 U.S.C. §1983, §1988. Darren Sondey, on behalf of the estate of Thomas F. Sondey (Sondey) is suing City of Warren police officers Chad Wolowiec, Todd Benczkowski, Michael Huddas, Darryl Bagiano, and Thaddeus Lambiris for events leading to Sondey's death while in custody. Plaintiff says that from various defendants' initial contact with Sondey through the time of his death, he exhibited symptoms of a serious medical condition that defendants ignored.

Before the Court are two discovery motions:

---

[1]Upon review of the parties' papers, the Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

    1.       Defendants' Motion for a Protective Order (Doc. 37)

    2.       Plaintiff's Motion to Strike and to Compel (Doc. 42)

For the reasons that follow, defendants' motion will be granted and plaintiff's motion will be denied. The Court will also enter the protective order attached as Exhibit A to defendants' response to plaintiff's motion. See Doc. 44-2.

## II. Motion for Protective Order

### A. Background

Defendants ask that the Court preclude or limit the scope and length of the deposition of retired police officer Kimberley Teolis. Teolis is not named as a defendant. However, she was one of the officers who is alleged to have attempted to save Sondey's life after he entered into cardiac arrest. In an affidavit attached to the motion, Teolis states that she suffered a traumatic brain injury in a car accident on January 13, 2014 and continues to experience mental limitations. As a result, she did not appear at her previously scheduled deposition, but instead sent medical reports identifying cognitive and memory issues that make a deposition impracticable. Defendants say that a deposition would be dangerous to Teolis' health, that her deposition would not lead to the discovery of relevant evidence because she has little to no recollection of the incident, that the information plaintiff seeks has already been provided by police station surveillance videos, and that the parties have exchanged written discovery and completed nearly all other depositions. Defendants also attached letters from Teolis' treating physicians and others who examined her stating that a deposition would not be medically appropriate.

In response, plaintiff says that while the surveillance videos showed Teolis going

into Sondey's jail cell, calling for help, and initiating CPR, they did not provide any information about what she saw or how Sondey appeared before and during their interaction. Plaintiff also contends that even if Teolis has no recollection of the incident, she should still be deposed because plaintiff is entitled to know the extent of her recollection. Plaintiff further says that none of the physicians state that Teolis would be unable to testify or that undergoing a deposition would harm her. Plaintiff also notes that if Teolis was competent to sign an affidavit, she is capable to appear at a deposition and testify as to her recollection.

In their reply brief, defendants have attached an additional medical report dated January 12, 2016 from Dr. Jay Kaner, one of the doctors who submitted a letter attached to the original motion. Dr. Kaner states that in his opinion, it is not medically advisable for Teolis to undergo a deposition because of her brain injury and ongoing neurological symptoms, and that the stress of a deposition may exacerbate her cognitive issues and cause a clinical setback.

### B.  Legal Standard

Fed. R. Civ. P. 26(c) provides in pertinent part:

(c) Protective Orders.

(1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
(A) forbidding the disclosure or discovery;
(B) specifying terms, including time and place or the allocation of expenses, for

the disclosure or discovery;
(C) prescribing a discovery method other than the one selected by the party seeking discovery;
(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

. . . .

The party seeking a protective order bears the burden of establishing good cause and a specific need for protection. Schorr v. Briarwood Estates Ltd. P'ship, 178 F.R.D. 488, 491 (N.D. Ohio 1998). "In seeking to prevent or delay a deposition on medical grounds, the moving party has the burden of making a specific and documented factual showing that the deposition will be dangerous to the deponent's health." Id. (citations omitted).

## C. Resolution

The motion is GRANTED. Defendants have furnished sufficient medical evidence to establish a factual showing that a deposition would pose a health risk to Teolis. Dr. Kaner's January 12, 2016 letter makes clear that a deposition would be harmful to Teolis. However, as a reasonable alternative to a deposition, plaintiff shall submit no more than 10 interrogatories to Teolis regarding her knowledge of the relevant events.

## III. Motion to Strike and to Compel

### A. Background

Plaintiff moves to strike defendants' objections to plaintiff's second discovery request and to compel defendants' production of responses to the request. Plaintiff says that on October 28, 2015, defendants were served with a second discovery request for documents. Plaintiff says that, in addition to being one month late,

defendants' response included non-responsive, evasive, and incomplete answers, and did not include the requested documentation.  Plaintiff further says that defendants will not produce the requested documentation until plaintiff agrees to a protective order.  Plaintiff, however, contends that defendants have not established good cause or the need for a protective order.

In response, defendants say that documents at issue have already been produced and/or will be produced under a protective order.  Defendants say that the requested documents were within the custody and/or control of the non-party City of Warren.  As a result, while defendants could have responded "none" to the requests to produce, they instead offered to produce the documents subject to the entry of a protective order.  Defendants contend that the Court should not compel the documents absent a protective order.  Defendants say that a protective order is appropriate for the information requested.  Defendants also contend that a late discovery response does not, as plaintiff argues, automatically waive defendants' right to object.  This is particularly so in light of the fact that defendants have not objected outright to the production of documents, but have instead agreed to produce them subject to a protective order.

### B.  Legal Standard

Fed. R. Civ. P. 37(a) permits a party to move for an order compelling disclosure or discovery.  As noted above, the Court under Rule 26(c) provides that the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).  This Rule confers broad discretion on the trial court to decide when a protective order is

appropriate and what degree of protection is required. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

The party seeking protection bears the burden of demonstrating that there is good cause for restricting the disclosure of the information at issue. In re Violation of Rule 28(D), 635 F.3d 1352, 1357 (Fed. Cir. 2011). For good cause to exist, the party seeking to limit the disclosure of discovery materials must show that specific prejudice or harm will result if no protective order is granted. Id. at 1357–58 (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

### C.  Resolution

Plaintiff's motion is DENIED.  First, the Court in its discretion finds that defendants did not waive the right to object despite giving a late response to the discovery request.  Second, defendants have not refused to supply the discovery; they simply say they will do so upon entry of a protective order.  This is a reasonable request.  The information is within the control of the City of Warren and contains law enforcement information which is properly the subject of a protective order.  The Court shall enter the protective order attached as Exhibit A to defendants' response.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 26, 2016
    Detroit, Michigan